UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THERM-O-DISC, INC.
an Ohio corporation,

    Plaintiff,

-vs-

JOSEF MAATUK, an individual,
d/b/a MAX EM ENGINEERING,

    Defendant.

_____/

Case No. 1:00 CV 2105

Honorable JUDGE GAUGHAN

MAG. JUDGE HEMANN

## COMPLAINT

NOW COMES Plaintiff, by and through its attorneys, Roetzel & Andress, and hereby complains against the Defendant as follows:

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202, for the purpose of determining an actual controversy between the parties as hereinafter more fully appears.

### PARTIES

2. Plaintiff, Therm-O-Disc, Inc., is incorporated under the laws of Ohio and has a principal place of business in Mansfield, Ohio.

3. Defendant, Josef Maatuk d/b/a Max Em Engineering, resides in and has a principal place of business in California.

## JURISDICTIONAL ALLEGATION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367 inasmuch as this action arises under Title 35 of the United States Code, this controversy involves citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, and all the claims are so related so as to form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) inasmuch as a substantial part of the events giving rise to the claims occurred here.

## FACTUAL BACKGROUND

6. Plaintiff has been and is currently engaged in the manufacture and sale of sensors, controls, thermally responsive switches, and switching devices, among other things.

7. Upon information and belief, Defendant is the owner of United States Patent Nos. 5,730,026 ("the '026 patent") and 5,908,985 ("the '985 patent"), issued March 24, 1998 and June 1, 1999, respectively. A copy of the '026 patent is attached to this Complaint as Exhibit A and a copy of the '985 is attached to this Complaint as Exhibit B.

8. Defendant, in a letter to Plaintiff dated August 3, 2000, represented that he was the owner of such patents, and alleged that Plaintiff "has violated [sic] patent number's [sic] 5,908,985 and 5,730,026" by making a sensor. The letter threatens suit "if you refuse to stop production [of the sensor] within ten (10) business days." *See* Exhibit C.

9. In addition, Defendant asserted that the Plaintiff violated a "Confidentiality Agreement" in making the sensor. *Id*.

10. As a result of the above, a case of actual controversy within this Court's jurisdiction exists between Plaintiff and Defendant with respect to the `026 and `985 patents, and the Confidentiality Agreement.

### COUNT I – NONINFRINGEMENT OF THE `026 PATENT

11. Plaintiff incorporates by reference all of the averments contained in Paragraphs 1 through 10 as though fully rewritten herein.

12. Defendant's `026 patent is not infringed by Plaintiff.

### COUNT II – NONINFRINGEMENT OF THE `985 PATENT

13. Plaintiff incorporates by reference all of the averments contained in Paragraphs 1 through 12 as though fully rewritten herein.

14. Defendant's `985 patent is not infringed by Plaintiff.

### COUNT III - THE `026 PATENT IS INVALID

15. Plaintiff incorporates by reference all of the averments contained in Paragraphs 1 through 14 as though fully rewritten herein.

16. Upon information and belief the `026 patent is limited in scope, and is invalid and void, at least based upon lack of novelty and/or obviousness in view of prior art, and possibly additional grounds to be pursued in discovery.

## COUNT IV - THE '985 PATENT IS INVALID

17. Plaintiff incorporates by reference all of the averments contained in Paragraphs 1 through 16 as though fully rewritten herein.

18. Upon information and belief the '985 patent is limited in scope, and is invalid and void, at least based upon lack of novelty and/or obviousness in view of prior art, and possibly additional grounds to be pursued in discovery.

## COUNT V
## THERM-O-DISC HAS NOT BREACHED THE CONFIDENTIALITY AGREEMENT

19. Plaintiff incorporates by reference all of the averments contained in Paragraphs 1 through 18 as though fully rewritten herein.

20. Effective December 12, 1997, Plaintiff and Defendant entered into a Confidentiality Agreement. A copy of the Agreement is attached to this Complaint as Exhibit D.

21. By letter of August 3, 2000, Defendant asserted that the Plaintiff had breached the Agreement.

22. Plaintiff has not breached the Confidentiality Agreement contrary to Defendant's allegation.

WHEREFORE Plaintiff submits that it is entitled to judgment that:

    a. Defendant's patents are invalid and void;

    b. Plaintiff has not committed any acts of infringement of Defendant's patent with respect to products made, used, offered for sale, or sold by Plaintiff since issuance of such patents;

      c.      Defendant be enjoined from asserting such patents against Plaintiff, its representatives, agents, customers, and contractors, present and prospective;

      d.      Plaintiff is not in breach of the Confidentiality Agreement;

      e.      Plaintiff recover from Defendant Plaintiff's costs, including attorneys' fees pursuant to 35 U.S.C. §285; and

      f.      Plaintiff recovers such other relief as the Court may deem just and equitable.

Respectfully submitted,

*[signature]*

George W. Rooney, Jr. – 0004961
Breaden M. Douthett - 0055900
ROETZEL & ANDRESS
1375 E. 9th Street
One Cleveland Center - Suite 1000
Cleveland, OH  44114
Telephone:    (216) 623-0150
Facsimile:    (216) 623-0134
E-Mail:    grooney@ralaw.com
E-Mail    bdouthett@ralaw.com
ATTORNEYS FOR PLAINTIFF

**Of Counsel:**
HARNESS, DICKEY & PIERCE, P.L.C.
Robert J. Lenihan, II (P16554)
David P. Utykanski (P47029)
George T. Schooff (P45596)
5445 Corporate Drive, Suite 400
Troy, Michigan 48098
Telephone:    (248) 641-1600
Facsimile:    (248) 641-0270
E-Mail:    rjlenihan@hdp.com
E-Mail:    davidu@hdp.com
E-Mail:    gtschooff@hdp.com
52739_1